## 60042. BROWN v. FIDELITY ACCEPTANCE CORPORATION.

DEEN, Chief Judge.

Elizabeth Brown brought an action for damages for wrongful repossession of an automobile against Fidelity Acceptance Corp. and brings this appeal from the grant of a directed verdict in favor of the defendant. *Held:*

The evidence showed that on July 6, 1977, appellant purchased an automobile from Security Motor Company and that she and her husband executed a conditional sales agreement. She made a down payment of $299.00 at the time of the sale and a deferred down payment of $100.00 on July 29, 1977. On August 26, 1977, before the first payment was due, the vehicle was repossessed because she did not have, in full force and effect, a policy of comprehensive and additional combined insurance coverage as required by the sales contract. She did, however, have no-fault insurance. At the time the automobile was purchased, the cost of obtaining the insurance was included in the financing agreement and application was made in her name to Southeastern Fidelity Insurance Co. Both applicant and her husband were listed on the application as regular operators of the vehicle and under the section requiring them to list traffic violations was printed the word "none." The insurance was apparently denied because James Brown had several undisclosed traffic offenses. After she was notified that the insurance had been denied, appellant made no further attempt to obtain the required insurance although she contends that her husband requested the appellee to take the money which had been appropriated for the purchase of insurance and purchase the insurance from another company. This the appellee refused to do. Her husband then requested that the defendant give him the money which had been appropriated for insurance so that he could purchase insurance with the money. This request was also denied. Finally, her husband proposed that he get estimates from three insurance companies which would provide coverage if Fidelity would accept the lowest estimate and finance the amount of the estimate. Appellee also refused this request and stated that it would deduct the amount set aside for insurance from the balance owing on the contract.

The conditional sales agreement provides: "Purchaser covenants and promises to: (3) Insure the property fully against all

damage from collision, fire, theft and risks generally covered by comprehensive and combined additional coverage and against all other substantial risks of loss on a standard policy with long form lender's loss payable clause naming the holder hereof a loss payee (or *authorize the purchase of such insurance or vendor's single interest insurance* by holder) . . ." (Emphasis supplied.) Appellant contends that she fully complied with this provision as she authorized the appellee to obtain insurance for her and that appellee made no effort to purchase the insurance. We must disagree with this contention. Appellee attempted to obtain insurance, but it was denied. There is nothing in the contract requiring the appellee to obtain insurance coverage if she authorized it.

Accordingly, the trial court did not err in granting appellee's motion for a directed verdict.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED JUNE 2, 1980 — DECIDED JULY 10, 1980.

*Charles W. Smegal,* for appellant.
*Lucian L. Sneed,* for appellee.